Case No. 16-5170, Judicial Watch, Inc. appellate v. United States Department of State. Ms. Burke for the appellate, Mr. Shaw for the affiliate. Ms. Burke. Good morning, Your Honors. Lauren Burke, arguing for the appellate, Judicial Watch. I reserve two minutes of my time for rebuttal. And if it may please the Court, unless there's any questions specifically to the facts, I'll jump right to the issues at hand. The crux of the case that's before the Court today is that the State Department knew or should have known what documents the appellate was seeking in a FOIA request. Well, I'm interested in knowing what they were. I had in front of me here, any and all records that identify the number and names of all current and former officials, officers, or employees of the U.S. Department of State from January 20, 2009 to the present, have used e-mail addresses other than their assigned, quote, state.gov e-mail addresses to conduct their state visits. They sat back and said, look, we searched. We didn't find any such documents. What kind of document did you expect to get with that kind of request, other than the list that they look for and don't have? Your Honor, I would argue that the request is clear, not that it's seeking a specific list. It's not clear to me at all what that request, other than what they look for. Since I don't find it clear, tell me what it is you expected to get when you sent that request. It's seeking records that would identify officials or employees. Give me an example. The example would be the list that they don't have. They look for it and didn't have it. Tell me something that you expected them to have that you think they are hiding from you here or not finding. Well, perhaps an e-mail that was sent from an official or an employee that said, please use my personal e-mail, or... An e-mail that says it. Correct. You expect them to look through all the e-mails that were ever sent without a keyword that would... I mean, you're not looking for a subject that you can key search, word search. I don't understand what it is you think they were supposed to do that they didn't do. And I read your brief, and you said, well, this is not right. But you don't come up with what it is that would have been right. Well, unfortunately, we are on the outside. They are on the inside. They would know the key search terms. There was multiple communications, correspondence, telephone calls explaining what we were looking for, and that would be records. Tell me right now what it is that you think they could have searched that they didn't do. I believe that they could have found or... No, no, tell me what they could have found. Tell me what they could have done to find you. Again, I argue that I don't know exactly what their search was. I know that they used key terms. I don't care what their search was right this minute. I'm asking you what it is you think they should have done that they didn't do. I believe that they should have searched for records that would have identified employees or officials. I don't know what that means unless you mean they're supposed to look at every single e-mail sent by any department employee. I'm not saying that they don't need to look... What is it you are saying? What kind of search could they have conducted here? Again, I'm unable to answer that question because I'm not on the inside of... Therefore, you may be very much unable to win this lawsuit. What are you asking for? I mean, it's not a clear request, nor is the attempt to revise it clear. I would argue that we... All of us are reading this, and we don't know what you're asking for. We're seeking records that would identify individuals that use non-state.gov e-mail addresses as for... And they said there was no such thing. They said there was no such thing as a document that listed all employees. Right, right. Well, what else are they supposed to look for? There are records that could... What are the records you think they have that they haven't disclosed? There could be e-mails, or there could be internal memos. There could be discussions. There could be, and they said there weren't any, of the people who use personal addresses for business. A list of the where. They limited their search to a single document, which likely does not exist. Well, the only other way to do it, then, is to go through everybody's e-mails. Millions of e-mails. Which is why we provided the clarification, saying that there's... The clarification didn't help. Well, go ahead. Tell me what it means, because I didn't get it. What did the clarification mean to say? It was meant to say this is back-and-forth communication between counsel, several e-mails and phone calls, that what we were looking for was not the entire expanse of the entire State Department's e-mail system, but rather documents that would show there are individuals that this is an ongoing practice. That would be some kind of a list, right? Not a list, no. Well, what? Really, I work in an institution. I used to be chief judge. If I got the request, I don't know what you're talking about. I called everybody in the building in and said, everybody sit down now. Who has a Gmail account? Everyone raise your hand if you use it for business, and then I create a list. Is that what you're talking about? That's not what we're talking about. Again, we clarified that we're not looking for every single or the entire expansive world of State Department e-mails and going through all of that. We don't want to burden clients. How do you find any of them? How can they be? Well, for example, we were able to find, just through a Google search, that there are OIG reports, that somewhere there is documents or records. Did you come in and file a request for OIG reports of a certain nature, a description that they could look for? We did not resubmit a request to such extent because there was. If you have some information that identifies the document, if you're going to use FOIA, you are supposed to give them a description of what it is you're looking for. I understand that. If you have that description, then why in the world did you not file a FOIA request asking for that document or documents of which you have a description? Why didn't you tell us in your brief? We did not resubmit a new FOIA request because we were engaging in ongoing communication and thereby we were stalled filing a new and submitting a new request because, in good faith, we were communicating back and forth with the State Department with the understanding that they were. You're not. You still haven't submitted any such request if you have a description. Judge Anderson, I've been on a case before where there was a federal employee who was using private e-mail. The FOIA seeker in that case came in and sought the e-mails from that person on that server. We could tell what they were looking for. We had no idea what they were looking for and it wasn't the Department. Respectfully, I would argue that my client has a number of FOIA requests that maybe are more specific or anything. Well, maybe you'll get something with those. We're here before the court for their unreasonable, strict interpretation and for their lack of good faith in continuing to communicate with us. You're going to have to fill something called permanency before you can say their interpretation is unreasonable because on your first request it jumped out that they would do exactly what they did, and beyond that I don't see anything you've asked for. But they didn't end it there. They continued the conversation, and for several months we continued the conversation with them and worked with them and reformulated it. Counsel, this can't be a response. If you know you may come to court, you may be having nice conversations, but any attorney knows, I may have to go to court, I better create a record. And you can't come in and say, well, I had genial conversations with them, and gee. No, I mean, if you really think there's something from those conversations that indicates they're documents you wanted them to get and they're not doing it, then you need to make the record. Well, I would argue that we do have the record. We're trying to tell you that what we have makes no sense in terms of a search because we can't figure out how to do it. And Judge Sentell and I have both been chief judges here, and so we've seen stuff like this we can't imagine what you're talking about. As far as the request? The search, yeah, what you're asking for. If we're on the receiving end, I'm in the State Department, I wouldn't know what you're talking about other than what they gave you. I would argue that they are in an attempt to avoid production of records and delay any kind of resubmission. The only way you can avoid production of records is you have to start by showing these are the records that they're trying to avoid. That's where we get lost. I don't know what records you think it is they're trying to hide. Unless you're talking about reviewing everybody's email, you make everybody come in and report whether they're using private or personal accounts, and then require them to submit everything. I don't know what you're talking about. There would be some records showing that there is personal use of emails, and production of such records would be responsive to our request. Okay. What kind of records do you think there is? Now this is about the fifth time you've been asked that. What kind of records do you think there is? You said you think there's some kind of record that would show that. What kind of record would show that other than the list that doesn't exist? There could be an internal memo discussing employees that are using it. There, again, could be an email or an internal report. Those would be things that are outside the grasp of what may exist because we're not within the State Department. They are, and those records I believe would be responsive to show that there is. They told you that there isn't such a list. There isn't a list. They told us that there is no list, but that was what they limited. It also goes to the adequacy of the search, which is an argument. They have not informed us how many. What did they not do that you think they were supposed to do to conduct an adequate search? We believe that they should at least inform us what, in response to the search terms that they used, how many documents perhaps were pulled. In their determination, maybe it wasn't a list. They did give you the search terms they used, right? They gave us the search terms, but they did not inform us how many documents were retrieved based on those search terms. All right. Thank you, Your Honor. That's all right. Thank you. Mr. Shaw. I hope you'll be brief. Willie Shaw for the State Department. May it please the Court. Just now Judicial Watch said that one of the things that maybe it did want was email or internal reports discussing the practice of unofficial email use. Now, if that's what they actually wanted, they certainly could have drafted a FOIA request that would have gotten at that. They could have asked for reports discussing the practice of unofficial email use. There are other potential requests they could have submitted. They could have asked for emails sent to or from particular addresses or records from investigations or disciplinary proceedings against State Department employees, but that's not what they asked for. What they asked for was the number and names of all current and former officials. Now, it's not unreasonable to ask for that record. I mean, it is possible that record could have existed if, for example, the State Department had conducted a department-wide review of this practice. Then it's possible that would have produced such a record. Now, in fact, there is no such record, but that doesn't make the original request unreasonable. I think that ultimately the principle that decides this case is the principle this Court announced in Miller v. Casey, which is that an agency must read a FOIA request as it was drafted and not as either agency officials or the requester wish it was drafted. If the Court has no further questions, then we ask that the panel affirm the district courts. I do have one question, and that is why you didn't rely on the provision with respect to electronic records, which says in responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format except when such efforts would significantly interfere with the operation of the agency's automated information system. Now, did you think about relying on that, or is that something that goes to a different practice? I am not familiar with that provision, and I'm not sure if there was any discussion of relying on that provision. But certainly the declaration that was filed in this case did explain why any meaning other than the plain meaning interpretation that the State Department relied on would have made the request unreasonably burdensome for the agency to process. Well, it looks like this provision was written for this case. In other words, it would significantly interfere. Right. I'm not familiar with that provision, but I think this Court's precedent gives an independent basis for declining to process a FOIA request based on due burden. Okay. Any questions? No. Okay. Thank you. Thank you. Does Ms. Burke have any time left? Ms. Burke has no time left. All right. Does anyone have any questions? No. All right. Then the case is—thank you.
judges: Henderson, Edwards, Sentelle